Frank J. Pratt, et als.   vs.    } No. 74015.
The Hanover Fire Ins. Co.

February 13, 1929.

CARPENTER, J. This action was brought by Frank J. Pratt, Woonsocket Reo Sales & Service Company, and J. C. and Morris Falk, all of Woonsocket, against the Hanover Fire Insurance Co., and their action is based upon insurance policy No. A039796 issued by the Hanover Fire Insurance Co. of New York to Frank J. Pratt, Woonsocket Reo Sales & Service Co. and J. C. and Morris Falk, which

policy of insurance was introduced in evidence and is marked Plaintiff's Exhibit 1.

The case was tried at Woonsocket on January 31, 1929, and was heard without a jury by agreement of counsel. It appeared from the evidence that Frank J. Pratt, one of the plaintiffs, purchased an automobile from the Woonsocket Reo Sales & Service Co. and signed a conditional sales contract whereby the Woonsocket Reo Sales & Service Co. retained title to the automobile to secure payment of certain negotiable notes, which conditional contract and notes were assigned and transferred to J. C. and Morris Falk. The car was delivered to Frank J. Pratt and a short time after the delivery of the car, one Raney called upon Pratt, and by false pretenses and misrepresentations the car was voluntarily delivered into the possession of Raney. Raney then drove the car away and sold it somewhere in the South. Thereupon a claim was filed and proved for the loss and The Hanover Fire Insurance Co. was requested to pay the value of the car according to the terms of the policy.

Defendant sets up the defence that the company is not liable under the policy because of Clause G of said policy, which reads as follows:

"Theft, robbery and pilferage, excepting by any person or persons in the assured's household or in the assured's service or employment, whether the theft, robbery or pilferage occurs during the hours of such service or employment or not; and excepting loss suffered by the assured from voluntary parting with title and/or possession, whether or not induced so to do by any fradulent scheme, trick, device or false pretense or otherwise; and excepting in any case, other than the theft of the entire automobile described herein, the theft, robbery or pilferage of tools or repair equipment."

Both counsel agree that the possession of the automobile insured was obtained in manner set forth in said Clause G. The plaintiff admits that Frank J. Pratt can not recover, as he is barred by Clause G of the policy, but claims that the act of Pratt in voluntarily giving up possession of the car does not bar the Woonsocket Reo Sales & Service Co. or J. C. and Morris Falk from recovering as their interest may appear, according to the terms of the policy.

This Court finds that said automobile was obtained from Frank J. Pratt contrary to the provisions of Clause G of said policy of insurance and the question is as to whether a breach of this clause or this condition invalidates the policy as to all of the parties interested therein. After examining the case of *Smith* vs. *Union Ins. Co.*, 25 R. I. p. 260, the Court feels that the breach of the condition by Pratt invalidates the policy as to all.

This case and other cases examined by the Court seem to hold that where there is no special clause protecting the interest of a person having a lien or the interest of a mortgage, the interest of the owner and not that of the mortgagee or lienor is insured, and that the mortgagee or lienor is merely the appointee of the party insured to receive the money which might become due them from the insurers upon a contract, and that the right of the mortgagee or the lienor to recover is dependent upon the inception and continuance of a valid contract of insurance between the insured and the insurer.

It might be argued that under Clause B of the policy of insurance, Frank J. Pratt, Woonsocket Reo Sales & Service Co. and J. C. and Morris Falk, were the insured, but the same clause contradicts this statement and says: "subject to all the provisions, exclusions, conditions and warranties contained in this policy, loss, if any, payable as interest may appear to the assured and the Woonsocket Reo Sales & Service Co. and J. C. and Morris Falk," which to this Court shows that Frank J. Pratt was the assured. It was his policy and his car, and if the car was stolen, as it was in this case, Woonsocket Reo Sales & Service Co. and J. C. and Morris Falk were lienors, and were only appointees of Frank J. Pratt to receive the money which might become due him from the defendant upon the contract. Therefore, if possession of the car was parted with in the manner as set forth in Clause G, there would be no money due Frank J. Pratt under the policy and, therefore, no money due Woonsocket Reo Sales & Service Co. or J. C. and Morris Falk.

Even if it were found that Frank J. Pratt, Woonsocket Reo Sales & Service Co. and J. C. and Morris Falk were assured jointly, the Court feels that a breach of the policy by Frank J. Pratt would be a breach of the policy by Woonsocket Reo Sales & Service Co. and J. C. and Morris Falk, as they had placed the possession of the car in the hands of Frank J. Pratt, and any act of Frank J. Pratt would be the act of the Woonsocket Reo Sales & Service Co. and J. C. and Morris Falk, and for these reasons and according to the law as set forth in the case of *Smith* vs. *Union Ins. Co.*, and cases therein cited, the Court finds for the defendant.

Decision for the defendant for costs.

For plaintiffs: John R. Higgins.

For defendant: Greene, Kennedy & Greene.